IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBIN R. STRUCHEN, | ) | CASE NO. 1:09 CV 2395 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE McHARGH |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner | ) | |
| of Social Security, | ) | **MEMORANDUM OPINION** |
| | ) | |
| Defendant. | ) | |

This case is before the Magistrate Judge pursuant to Local Rule. The issue before the undersigned is whether the final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff Robin R. Struchen's application for Disability Insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§416(i) and 423, is supported by substantial evidence and, therefore, conclusive.

For the reasons set forth below, the Court AFFIRMS the decision of the Commissioner.

**I. INTRODUCTION and PROCEDURAL HISTORY**

On April 18, 2007, Plaintiff filed an application for Disability Insurance benefits, alleging a disability onset date of February 14, 2007 due to diabetes mellitus, and numbness, burning and tingling in her feet (Tr. 9, 71, 113). Plaintiff's applications for benefits were denied initially and upon reconsideration (Tr. 49-57). Plaintiff requested a hearing and, on May 4, 2009, appeared and testified before Administrative Law Judge Irving A. Pianin ("the ALJ") (Tr. 18-30, 58). Vocational Expert Barbara Myers (the "VE") also appeared and testified at

Plaintiff's hearing (Tr. 29-30).  The ALJ issued a written decision on May 21, 2009 in which he found at Step Five of the five-step sequential evaluation[1] that although Plaintiff could not perform her past relevant work, Plaintiff had the residual functional capacity ("RFC") to perform a range of sedentary work existing in significant numbers in the national economy and, therefore, was not disabled.  Plaintiff requested review from the Appeals Council, but it denied Plaintiff's request, thereby making the ALJ's decision the final decision of the Commissioner (Tr. 4-5).  On appeal, Plaintiff claims that the ALJ's decision is not supported by substantial evidence.

---

[1] The Social Security Administration regulations require an ALJ to follow a five-step sequential analysis in making a determination as to "disability." *See* 20 C.F.R. § 404.1520(a). The Sixth Circuit has summarized the five steps as follows:

(1) If a claimant is doing substantial gainful activity – i.e., working for profit – he is not disabled.

(2) If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.

(3) If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

(4) If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.

(5) Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

*Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).

Born on October 14, 1962, Plaintiff was 46 years old at the time of the ALJ's determination and a "younger individual" for purposes of the Social Security regulations (Tr. 6, 15, 71). *See* 20 C.F.R. § 404.1563. Plaintiff completed high school (Tr. 100). She has past relevant work as a mold machine operator, fast food cook and dishwasher, nurse's aide, and retail sales clerk (Tr. 100, 120).

## II. DISABILITY STANDARD

A claimant is entitled to receive Disability Insurance Benefits only when she establishes disability within the meaning of the Social Security Act. *See* 42 U.S.C. § 423. A claimant is considered disabled when she cannot perform "substantial gainful employment by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve (12) months." *See* 20 C.F.R. § 404.1505.

## III. STANDARD OF REVIEW

Judicial review of the Commissioner's benefits decision is limited to a determination of whether, based on the record as a whole, the Commissioner's decision is supported by substantial evidence, and whether, in making that decision, the Commissioner employed the proper legal standards. *See Cunningham v. Apfel*, 12 Fed. Appx. 361, 362 (6th Cir. June 15, 2001); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "Substantial evidence" has been defined as more than a scintilla of evidence but less than a preponderance of the evidence. *See Kirk v. Secretary of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981). Thus, if the record evidence is of such a nature that a reasonable mind might accept it as adequate support for the Commissioner's final benefits

determination, then that determination must be affirmed.  *Id.*  The Commissioner's determination must stand if supported by substantial evidence, regardless of whether this Court would resolve the issues of fact in dispute differently or substantial evidence also supports the opposite conclusion.  See *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983).

This Court may not try this case de novo, resolve conflicts in the evidence, or decide questions of credibility.  See *Garner*, 745 F.2d at 387.  However, it may examine all evidence in the record in making its decision, regardless of whether such evidence was cited in the Commissioner's final decision.  See *Walker v. Secretary of Health & Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989).

### IV.  ANALYSIS

**Whether the ALJ Erred in his Assessment of Plaintiff's Allegations of Pain**

Plaintiff argues that the ALJ erred in evaluating her allegations of disabling pain.  She makes various arguments in support of her claim which the court addresses below.

The court recognizes that pain alone may be sufficient to support a claim of disability. See *Grecol v. Halter,* 46 Fed. Appx. 773, No. 01-3407 (6th Cir. Aug 29, 2002) (unpublished); *King v. Heckler*, 742 F.2d 968, 974 (6th Cir 1984).  However, a claimant's subjective assertions of pain, standing alone, will not suffice.  In most disability benefits cases, for the ALJ to find disabling pain, there must be: (1) objective evidence of an underlying medical condition; and (2) either, (a) objective medical evidence *confirming* the severity of the alleged pain arising from that medical condition, or (b) the objectively determined medical condition must be of a severity which can *reasonably be expected* to give rise to the alleged pain.  See *Buxton v. Halter* 246 F.3d

4

762, 773 (6th Cir. 2001); *Duncan v. Secretary of Health & Human Servs.*, 801 F.2d 847, 852-53 (6th Cir. 1986).

The *Duncan* test, however, is not the end of the analysis. The Commissioner must consider other factors that may or may not corroborate Plaintiff's allegations of pain. *See Walters v. Comm'r of Soc. Sec.*, 127 F. 3d 525, 531 (6th Cir. 1997); *Felisky v. Bowen*, 35 F.3d at 1039; 20 C.F.R. § 404.1529. The other factors include: statements from the claimant and the claimant's treating and examining physicians; diagnosis; efforts to work; the claimant's daily activities; the location, duration, frequency and intensity of the symptoms; precipitating and aggravating factors; the type, dosage, effectiveness and side effects of any medication taken to alleviate symptoms; treatment, other than medication, the claimant receives to relieve pain; measures used by the claimant to relieve symptoms; and any other factors concerning functional limitations due to symptoms. *See Felisky,* 35 F.3d at 1039-40; 20 C.F.R. § 404.1529; *see also* SSR 96-7p, 1996 WL 374186.

The record reflects that the ALJ's credibility analysis in this case was sufficiently thorough to comply with *Felisky* factors, as set forth in SSR 96-7p and 20 C.F.R. § 404.1529, and that the ALJ's reasons for finding Plaintiff to be capable of a range of sedentary work are supported by substantial evidence. In assessing Plaintiff's subjective complaints, the ALJ first summarized Plaintiff's statements regarding her symptoms, both at the lower levels of the administrative and her testimony at the hearing. He then stated that although Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not fully credible in light of her history of routine conservative treatment,

the absence of significant objective and clinical findings on physical and neurological examinations, and the effects of medication when compliant" (Tr. 14). In making this finding, the ALJ discussed the medical and non-medical evidence at length and provided various reasons for his determination. For instance, the ALJ discussed the records provided by Dr. Wiese, which did not note any significant objective findings related to Plaintiff's diabetes and neuropathy on examination but noted Plaintiff's noncompliance with treatment due to financial constraints and recommended that she comply with prescribed treatment. *See* tr. 14, citing tr. 252, 255, 257-58.

The ALJ also discussed the records from Plaintiff's treatment at the Woodlawn Clinic, which noted Plaintiff's complaints related to diabetic neuropathy and possible retinopathy, the medications she had been prescribed for her impairments, the relative lack of objective findings on examination, as well as Plaintiff's weight fluctuations over the period of treatment. *See* tr. 14, citing tr. 288-98. The ALJ also recounted Plaintiff's more recent complaints of back pain, noted the findings of osteophytic degenerative changes and disc narrowing on x-ray, and that Plaintiff was treated conservatively for her complaints with a lidoderm patch, Vicodin and Lyrica. *See* tr. 14, citing tr. 300-14. The ALJ also noted that despite Plaintiff's complaints of lower extremity pain and numbness, doppler arterial studies on the lower extremities were within normal limits. *See* tr. 14, citing tr. 285.

The ALJ further explained in finding Plaintiff's allegations of disabling pain to be less than fully credible that Plaintiff has not required specialist or surgical treatment for any of her impairments, and that the record contains no evidence of restricted range of motion, loss of either coordination or manual dexterity, or abnormal gait (Tr. 14). The ALJ also noted that no treating source has opined that Plaintiff is disabled (Id.). Finally, the ALJ explained that

6

Plaintiff's activity level was somewhat inconsistent with her complaints of complete disability. In explanation of this finding, the ALJ noted Plaintiff's testimony, which reflected that she is able to engage in activities such as cooking and washing dishes. He also noted Plaintiff's Function Report, in which Plaintiff stated that she was able to engage in activities such as shopping for groceries, visiting with friends, driving, attending school functions, taking care of a pet, gardening, cross-stitching and using a computer. *See* id., citing tr. 123-26. The court finds, based on the above, that substantial evidence supports the ALJ's credibility determination.

      Plaintiff makes various arguments in support of her claim that the ALJ did not properly assess her subjective complaints in finding her to be capable of a range of sedentary work. First, Plaintiff claims that the ALJ failed to fully develop the record, in part because he held a short hearing and asked few questions regarding Plaintiff's current daily activities, physical capabilities, and symptoms. Plaintiff also takes issue with Defendant's argument in response that Plaintiff was represented by counsel at the hearing and therefore may be presumed to have presented her best case. The court first notes that although the hearing was short in duration, the ALJ did ask Plaintiff questions about her medications, her symptoms, her ability to perform various tasks and her current activity levels (Tr. 22-28). Furthermore, while the ALJ must ensure that the factual record is developed sufficiently to make his decision, it is Plaintiff's burden to provide a complete record, with evidence detailed enough to enable the ALJ to make a disability determination. *See Landsaw v. Sec. of Health and Hum. Servs.*, 803 F.2d 211, 214 (6th Cir. 1986). Plaintiff does not allege that the ALJ should have ordered an additional consultative examination or that the medical evidence was too incomplete to make a determination in this case; rather, Plaintiff's argument appears to be that the ALJ did not elicit enough testimony from

Plaintiff at the hearing. However, the ALJ clearly did not feel that the record, including those portions relating to Plaintiff's subjective complaints, was too incomplete for him to make a decision as to Plaintiff's disability, and the court finds that the ALJ did not err in implicitly making that decision or, by extension, in allegedly failing to fully develop the record.

Also, despite Plaintiff's suggestion to the contrary, the court does not find it irrelevant that Plaintiff was represented by counsel at the hearing. The ALJ has a special, heightened duty to develop the record only under special circumstances, such as when a claimant is without counsel, incapable of presenting an effective case, and is unfamiliar with hearing procedures. *See Lashley v. Sec. of Health and Hum. Servs.*, 708 F.2d 1048, 1051-52 (6th Cir. 1983); *see also Wilson v. Comm'r of Soc. Sec.*, 280 Fed. Appx. 456, 459, (6th Cir. May 29, 2008) (distinguishing *Lashley*, and noting that "absent special circumstances . . . this court repeatedly affirms that the claimant bears the ultimate burden of proving disability"). The fact that Plaintiff was represented by counsel at the hearing makes clear that the ALJ had no special duty to develop the record in this case. Moreover, if Plaintiff's counsel felt that it was important to elicit more testimony from Plaintiff regarding her symptoms, current activity levels or other matters, it was his responsibility to develop that testimony at the hearing rather than leaving such questions "unasked and unanswered" as Plaintiff now claims the ALJ erred in doing.

Next, Plaintiff claims that the ALJ erroneously relied on Plaintiff's allegedly "conservative" course of treatment and the fact that she has not required surgery, since surgical intervention is not used to treat neuropathy, and Plaintiff has received the only types of treatment available for her painful condition. However, as Defendant notes, the ALJ found that Plaintiff had severe impairments of diabetes mellitus, lumbar degenerative disc disease, obesity and

hypertension in addition to her neuropathy (Tr. 11).  In assessing Plaintiff's credibility, the ALJ was entitled to – and did – discuss Plaintiff's relatively conservative of treatment and lack of surgical intervention for *all* of her impairments, including, for example, those related to her back pain.

Plaintiff also claims that the ALJ erroneously relied on Plaintiff's inconsistent compliance with treatment in discounting her credibility, despite the fact that Plaintiff could not always afford treatment.  Under SSR 96-7p, an ALJ should consider the reasons for a person's failure to comply with treatment, including inability to pay.  SSR 96-7p, 1996 WL 374186.  The ALJ in this case based his credibility assessment, in part, on the effects of Plaintiff's treatment when compliant.  As an initial matter, the court notes that this reasoning seems based on more than mere non-compliance.  Specifically, the ALJ's stated reason seems concerned more with the *effectiveness of treatment* than with the mere fact of Plaintiff's noncompliance or with potential reasons for her noncompliance, whether those be lack of motivation to seek treatment or preference for spending money on other items or true inability to afford medical care.  In other words, the former is concerned more with the ALJ's reasons for finding that Plaintiff's impairments do not preclude her from doing a range of sedentary work, while the latter is more about whether Plaintiff is or is not to be believed.  Although Plaintiff argues that her condition does not improve with treatment, there is substantial evidence in the record to support the contrary conclusion, and the ALJ explained his reasons for finding that Plaintiff is capable of a range of sedentary work.

Furthermore, as Defendant notes, the record contains no evidence that Plaintiff sought low-cost or free health care.  In response to this argument, Plaintiff points to a note that Dr.

Wiese completed in 2007 for the proposition that, when Plaintiff was still working, she fell in the gap between being able to afford treatment and being able to get medical assistance.  However, this evidence would not explain necessarily why Plaintiff would not be able to seek low-cost or free medical care *after* she stopped working – an issue that Plaintiff does not specifically address.  Finally, a claimant's ability to afford treatment is not the only factor an ALJ must consider in assessing a claimant's credibility, as credibility is a function of "all the evidence in the case record." *See* SSR 96-7p, 1996 WL 374186; *see also Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475-76 (6th Cir. 2003).  The ALJ gave several other reasons for his credibility finding in this case and his assessment, and for the reasons articulated elsewhere, his finding that Plaintiff is capable of sedentary work is supported by substantial evidence.

      Plaintiff also complains that the ALJ mis-characterized the rigor of Plaintiff's daily activities in assessing her credibility. In support of this argument, Plaintiff claims that the ALJ erroneously relied on outdated, unsworn statements that Plaintiff completed in 2007, and that the ALJ failed to elicit more up-to-date information from Plaintiff regarding her activities at the hearing.  For the reasons articulated more fully above, the court does not find persuasive Plaintiff's suggestion that the ALJ failed to fully develop the record with respect to her credibility.  Furthermore, despite Plaintiff's suggestion to the contrary, the record reflects that the ALJ discussed Plaintiff's statements regarding her activities in a thorough and fair manner, and that the ALJ did not focus exclusively on Plaintiff's early reports or mis-characterize her statements in discussing her daily activities.  Plaintiff also complains that the ALJ erroneously failed to consider the side effects of Plaintiff's medications in contravention of SSR 96-7p.  However, the ALJ did not ignore Plaintiff's allegations regarding the effects of her medications,

but instead noted Plaintiff's complaints at the hearing that her medications make her drowsy and that she still experiences pain and numbness (Tr. 13).  Furthermore, side effects are not the only factor that an ALJ must consider in assessing a claimant's credibility, as credibility is a function of "all the evidence in the case record," and the ALJ was not required to fully accept Plaintiff's statements regarding the side effects of her medications, or to find her disabled because of them. *See* SSR 96-7p, 1996 WL 374186; *see also* Jones v. Comm'r of Soc. Sec., 336 F.3d 469, 475-76 (6th Cir. 2003) ("[A]n ALJ is not required to accept a claimant's subjective complaints and may properly consider the credibility of a claimant when making a determination of disability.").

      Finally, Plaintiff complains that the ALJ improperly focused on the record's lack of opinions from treating physicians and the minimal objective findings, as neither of these is particularly probative of whether or not Plaintiff's symptoms are disabling.  On the contrary, SSR 96-7p provides that an ALJ must consider this type of evidence in assessing the credibility of a claimant's subjective complaints.  Specifically, SSR 96-7p states that "[i]n determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence . . . [and] statements and other information provided by treating or examining physicians . . . about the symptoms and how they affect the individual . . ." SSR 96-7p, 1996 WL 374186 at *1.  Based on the above, the court concludes that the ALJ did not err, but instead was complying with SSR 96-7p, by discussing the lack of opinions from treating sources and the minimal objective findings.

## V. **DECISION**

For the foregoing reasons, the court finds that the decision of the Commissioner is supported by substantial evidence. Accordingly, the court AFFIRMS the decision of the Commissioner.

s/ Kenneth S. McHargh
Kenneth S. McHargh
United States Magistrate Judge

Date: August 17, 2010.